UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SIERRA NEVADA FOREST PROTECTION        No. CIV-S-05-0205 MCE GGH
CAMPAIGN, CENTER FOR BIOLOGICAL
DIVERSITY, NATURAL RESOURCES
DEFENSE COUNCIL, SIERRA CLUB,
and THE WILDERNESS SOCIETY,
non-profit organizations,

          Plaintiffs,

     v.                                ORDER

MARK REY, in his official
capacity as Under Secretary of
Agriculture, DALE BOSWORTH, in
his official capacity as Chief
of the United States Forest
Service, JACK BLACKWELL, in his
official capacity as Regional
Forester, Region 5, United
States Forest Service, and
JAMES M. PEÑA, in his official
capacity as Forest Supervisor,
Plumas National Forest,

          Defendants.

_____/

and Related Cases.

1

----oo0oo----

This case, as well as the cases that have been related to it, challenges the sufficiency of the 2004 Sierra Nevada Forest Plan Amendment ("the 2004 Framework") as promulgated by the United States Forest Service ("Forest Service") .  Plaintiffs allege that in adopting the 2004 Framework, the Forest Service violated various provisions of the National Environmental Policy Act, 42 U.S.C. § 4321, et seq. ("NEPA"), the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), and the National Forest Management Act, 16 U.S.C. § 1600, et seq. ("NFMA").  By Order dated July 21, 2005, the Court has already allowed 21 entities represented by three separate sets of counsel to intervene in this matter on a permissive basis under Rule 24(b) of the Federal Rules of Civil Procedure.[1]   Presently before the Court is a Motion to Intervene on behalf of the California Cattlemen's Association ("CCA").  CCA asks that it be permitted to intervene either as a matter of right under Rule 24(a) or permissively pursuant to Rule 24(b).

CCA claims that Plaintiffs' challenge to the 2004 Framework, if successful, would have a substantial, undesirable effect on the ability of its member cattle ranchers to graze their livestock.  CCA alleges that the 2004 Framework, unlike it 2001 predecessor, provided an implementable grazing program. According to CCA, Plaintiffs' objective, a return to the 2001 Framework, would adversely impact the ability of its members to

---

[1]Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

2

1   graze their livestock.  CCA asserts that it has distinct,

2   independent business and property interests in ensuring continued

3   grazing rights under the 2004 Framework that may not be

4   adequately represented by either the Forest Service (who seeks to

5   protect the viability of the 2004 Framework as a whole) or the

6   other intervenors to this case (none of which are specifically

7   aligned with the livestock industry, like CCA).  Plaintiffs

8   oppose CCA's motion, contending that it cannot meet the

9   requirements for intervention as a matter of right and further

10  should not be permitted to intervene permissively.

11      An applicant has the right to intervene under Rule 24(a) if

12  1) the intervention request is made in a timely fashion; 2) a

13  "significantly protectable" interest related to the subject

14  matter of the litigation is asserted; 3) disposition of the

15  matter may impair or impede the applicant's interest in the

16  absence of intervention; and 4) if the applicant's interest is

17  not adequately represented by existing parties.  <u>Wetlands Action</u>

18  <u>Network v. United States Army Corps of Eng'rs</u>, 222 F.3d 1105,

19  1113-14 (9th Cir. 2000).  Private parties may not, however,

20  intervene as a matter of right in an action alleging NEPA

21  violations on grounds that such parties do not have the requisite

22  significantly protectable interest in NEPA compliance actions.

23  <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir.

24  2004).  Because CCA is a private party, and given the fact that

25  the claims sought to be asserted in this action do implicate

26  NEPA, intervention here as a matter of right appears

27  inappropriate.

28      Permissive intervention under Rule 24(b), however, "plainly

3

dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." SEC v. U.S. Realty & Improvement Co., 310 U.S. 434, 459 (1940). Consequently permissive intervention may be allowed here even in the face of allegations sounding under NEPA.

An applicant seeking permissive intervention must satisfy three threshold requirements: 1) the motion must be timely; 2) the court must have an independent basis for jurisdiction over the applicant's claims; and 3) the intervenor's interests must share a common question of law or fact with the main action. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). The district court has broad discretion to grant permissive intervention if these factors are met. See Spangler v. Pasadena City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

The threshold requirements for permissive intervention on CCA's part appear to have been satisfied. Although the instant action was filed on January 31, 2005, no briefing schedule for resolving this matter (or the other related cases) has yet been established. In addition, because the interests advanced by CCA relate to the same 2004 Framework at issue in the main action, and because the same jurisdictional bases apply, the remaining prerequisites (common issues and independent jurisdictional grounds) are also met.

In exercising its discretion to allow permissive intervention, the Court finds that the 2004 Framework impacts large and varied interests, including those advanced by CCA. The potential magnitude of the 2004 Framework is great, and the implications flowing from any challenge to it may be

4

1  considerable.  Ensuring that all competing interests implicated
2  by the Framework are heard, including the particular interests
3  advanced by CCA herein, will contribute to the just and equitable
4  resolution of this case.  Consequently permissive intervention
5  will be allowed, and the motion presently before the Court is
6  granted.[2]

7       In permitting such intervention, however, the Court must
8  still consider "whether the intervention will unduly delay or
9  prejudice the adjudication of the rights of the original
10  parties."  Fed. R. Civ. P. 24(b)(2).  Plaintiff contends that
11  without briefing limitations, the presence of multiple
12  intervenors in this matter may prove logistically impracticable,
13  both in terms of the parties' response to numerous briefs and the
14  Court's burden in considering the voluminous papers that may be
15  filed in response to anticipated motions for summary judgment.
16  In that regard, the court may impose reasonable conditions and
17  restrictions on the participation of intervenors so that their
18  involvement does not derail the efficient conduct of these
19  proceedings.  *See* <u>Stringfellow v. Concerned Neighbors in Action</u>,
20  480 U.S. 370, 380 (1987).

21       The Court will consequently impose limits on the briefing
22  allowed in any summary judgment motion filed in this case, as
23  well as cases that have been deemed related to it.  Opening
24  points and authorities will be limited to fifty (50) pages in
25  length.  Opposition papers are subject to a thirty (30) page

26

27       [2]Because oral argument would not be of material assistance,
28  this matter was deemed suitable for decision without oral
   argument.  E.D. Local Rule 78-230(h).

limitation, and reply memoranda shall not exceed (10) pages.  Any brief filed on behalf of any intervenor, or group of intervenors represented by single counsel, shall not be longer than twenty (20) pages.  Moreover, since a briefing schedule is in the process of being established for both this case and its related cases, no further intervention requests (beyond those already made) will be entertained absent a showing of compelling interest for such intervention.

IT IS SO ORDERED.

DATED: September 14, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE