UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SIERRA NEVADA FOREST PROTECTION CAMPAIGN, CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, and THE WILDERNESS SOCIETY, non-profit organizations, | No. CIV-S-05-0205 MCE GGH<br>CIV-S-05-0211 MCE GGH<br>CIV-S-05-0905 MCE GGH<br>CIV-S-05-0953 MCE GGH<br><br>(Related Cases) |
| Plaintiffs, | |
| v. | **ORDER RE: BRIEFING SCHEDULE** |
| MARK REY, in his official capacity as Under Secretary of Agriculture, DALE BOSWORTH, in his official capacity as Chief of the United States Forest Service, JACK BLACKWELL, in his official capacity as Regional Forester, Region 5, United States Forest Service, and JAMES M. PEÑA, in his official capacity as Forest Supervisor, Plumas National Forest, | |
| Defendants. | |
| _____/ | |
| and Related Cases. | |

----oo0oo----

1

The Court has reviewed the proposed briefing schedules submitted by counsel in these related cases. Originally, by Joint Status Report filed August 15, 2005, an overall schedule was suggested for submitting cross-motions for summary judgment in all four lawsuits, which the parties claim will be dispositive of the issues raised therein. On or about September 7, 2005, however, counsel for the Plaintiff in <u>Pacific Rivers Council v. United States Forest Service, et al.</u>, Case No. CIV. S-05-0953 MCE GGH, withdrew from that briefing schedule and proposed a new, and somewhat delayed, timeline for presentation of briefs in that case.

Pursuant to both proposed schedules, Plaintiffs' Motions for Summary Judgment in all four cases have now been submitted. In the August 15, 2005 Joint Status Report, all parties requested waiver of the requirement, under Local Rule 56-260(a), that a separate statement of undisputed facts be presented in supported of each summary judgment request, and that a response to that statement be filed in opposition under Rule 56-260(b). In reliance on that request, the summary judgment motions filed by Plaintiffs in <u>California Forestry Association v. Bosworth, et al.</u>, Case No. CIV. S-05-0905 MCE GGH, <u>Sierra Nevada Forest Protection Campaign v. Rey</u>, Case No. CIV. S-05-0205 MCE GGH, and <u>Pacific Rivers Council v. United States Forest Service, et al.</u>, <u>supra</u>, fail to include a separate statement of undisputed facts.

The Court declines to waive presentation of a separate statement of undisputed facts in support of, and in opposition to, the motions for summary judgment in these related cases. The Court believes that those statements will be of assistance in

2

analyzing the administrative record and in ultimately deciding the issues raised by the parties herein.  The briefing schedule set forth below has extended the period within which Plaintiffs may submit their initial motions so that they may provide the required statements.

In addition, the Court believes that combined briefing, as also requested by the parties, will make it more difficult to identify and address the issues raised by each discrete briefing submitted by the various parties to these cases.  Consequently, papers in support of, or in opposition to, each motion filed in accordance with the schedule set forth below will be filed separately and identified specifically as to its contents.

In view of the number of intervenors in this case, the Court grants the requested modification of the page limits established in its June 16, 2005 Order in order to give both Plaintiffs and Defendants the opportunity to respond, in a separate pleading of not more than twenty-five (25) pages, to the intervenors' briefs.

The following briefing schedule will apply:

| | |
|---|---|
| November 14, 2005 | Plaintiffs file all papers in support of their motions for summary judgment, including statements of undisputed fact. Each memorandum of points and authorities shall not exceed 50 pages, plus supporting papers. |
| December 16, 2005 | Federal Defendants file their opposition to Plaintiffs' motions for summary judgment, each brief not exceeding 35 pages, plus supporting papers. |

///

///

| | | |
|---|---|---|
| 1 2 3 4 | December 16, 2005 | Federal Defendants file their cross-motions for summary judgment, including statements of undisputed fact.  Each memorandum of points and authorities shall not exceed 50 pages, plus supporting papers. |
| 5 6 7 | January 6, 2006 | Defendant-Intervenors may file their briefs, each brief not to exceed 20 pages, plus supporting papers. |
| 8 9 10 | February 17, 2006 | Plaintiffs file their opposition to Federal Defendants' cross-motions for summary judgment, each brief not to exceed 30 pages, plus supporting papers. |
| 11 12 13 | February 17, 2006 | Plaintiffs file their reply in support of their motions for summary judgment, each brief not to exceed 10 pages, plus supporting papers. |
| 14 15 16 | February 17, 2006 | Plaintiffs may respond to briefs submitted by Defendant-Intervenors, each response not to exceed 25 pages, plus supporting papers. |
| 17 18 19 | March 17, 2006 | Federal Defendants file their reply in support of their cross-motions for summary judgment, each brief not to exceed 10 pages, plus supporting papers. |

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

| | |
|---|---|
| March 17, 2006 | Federal Defendants may respond to briefs submitted by Defendant-Intervenors, each response not to exceed 25 pages, plus supporting papers. |

Oral argument, if deemed necessary by the Court, will be scheduled following the conclusion of the briefing schedule outlined above.

IT IS SO ORDERED.

DATED: October 26, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE