UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA NEVADA FOREST PROTECTION CAMPAIGN,[1] CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, and THE WILDERNESS SOCIETY, non-profit organizations,<br><br>    Plaintiffs,<br><br>  v.<br><br>MARK REY, in his official capacity as Under Secretary of Agriculture, DALE BOSWORTH, in his official capacity as Chief of the United States Forest Service, JACK BLACKWELL, in his official capacity as Regional Forester, Region 5, United States Forest Service, and JAMES M. PEÑA, in his official capacity as Forest Supervisor, Plumas National Forest,<br><br>    Defendants. | No. 2:05-cv-0205-MCE-GGH<br><br><br><br><br><br><br><br>ORDER |

----oo0oo----

---

[1] The Court is advised that on March 1, 2007, Plaintiff Sierra Nevada Forest Protection Campaign changed its name to Sierra Forest Legacy.

1

On June 8, 2007, the Court heard oral argument on the Motion for Preliminary Injunction collectively brought by the Plaintiffs in this matter.  Plaintiffs were represented by Michael Sherwood and Gregory Loarie.  Clay Samford appeared on behalf of the Federal Defendants.  Several intervening parties also appeared, including Michael Jackson for the Quincy Library Group, Thomas Lundquist on behalf of TuCare, et al., and Brian Kelley for the California Ski Industry Association.  Deputy Attorney General Janill Richards (for the State of California) and Brian Gaffney (for Pacific Rivers Council), who are involved in cases related to this one, also made an appearance.

Plaintiffs seek to enjoin implementation of the Freeman Project, which the Forest Service approved on September 13, 2006 to implement, within the Plumas National Forest near Portola, California, certain management standards and guidelines invoked by the 2004 Framework for administration of national forests within the Sierra Nevada region. Plaintiffs' lawsuit, however, contains a site-specific challenge only to the Basin Project, another forest management project within the Plumas National Forest that targets specific lands near the town of Quincy.[2] Plaintiffs contend that the Basin Plan, and the 2004 Framework upon which it is based, runs counter to the provisions of the National Forest Management Act ("NFMA") and the National Environmental Policy Act of 1969 ("NEPA").

///

---

[2] The Freeman Project covers some 14,967 acres in the Lake Davis Recreation Area north of Portola, while the Basin Project encompasses 38,393 acres south and west of Bucks Lake and north of the Middle Fork of the Feather River near Quincy.

2

1    Because neither NEPA nor NFMA contains provisions allowing a
2 private right of action (*see* Lujan v. National Wildlife
3 Federation, 497 U.S. 871, 882 (1990) and Ecology Center Inc. v.
4 United States, 192 F.3d 922, 924 (9th Cir. 1999) for this
5 proposition under NEPA and NFMA, respectively), a party can
6 obtain judicial review of alleged violations of NEPA only under
7 the waiver of sovereign immunity contained within the
8 Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.  Earth
9 Island Institute v. U.S. Forest Serv., 351 F.3d 1291, 1300 (9th
10 Cir. 2005).
11    Under the APA, the court must determine whether, based on a
12 review of the agency's administrative record, agency action was
13 "arbitrary and capricious," outside the scope of the agency's
14 statutory authority, or otherwise not in accordance with the law.
15 Salmon River Concerned Citizens v. Robertson, 32 F.3d 1346, 1356
16 (9th Cir. 1994).  The APA specifically directs that review be
17 based upon the complete administrative record that existed before
18 the agency at the time of its decision.  Camp v. Pitts, 411 U.S.
19 138, 142 (1973); Southwest Ctr. For Biological Diversity v. U.S.
20 Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996).
21    Although Plaintiffs contend that their Complaint contains
22 sweeping language which can be read as encompassing all projects
23 promulgated under the allegedly defective 2004 Framework, it is
24 undisputed that the specific issues of the Freeman Project are
25 not directly before the Court.  It is equally undisputed that the
26 complete administrative record for the Freeman Project, which
27 generated a Final Environmental Impact Statement of some 600
28 pages alone, has not been tendered to the Court.

3

In their reply papers, Plaintiffs cite cases which they allege support the proposition that site-specific projects like Freeman may be enjoined even if not individually challenged within a particular lawsuit. Plaintiffs conceded at oral argument, however, that those cases, including <u>Northwest Ecosystem Alliance v. Rey</u>, 2006 WL 44361 (W.D. Wash. 2006), and <u>People ex rel. Lockyer v. U.S. Dept. of Agriculture</u>, 468 F. Supp. 2d 1140 N.D. Cal. 2006), were decided in a remedy context after a successful liability challenge had already been mounted. Here, on the other hand, there has been no substantive finding whatsoever invalidating the 2004 Framework pursuant to which the Basin and Freeman Projects were developed. Plaintiffs could point to no authority authorizing the Court to grant preliminary injunctive relief involving a project, not specifically within the scope of litigation, whose underpinnings have not been successfully challenged on a substantive basis.

Under these circumstances, the Court believes it would be improper to grant a preliminary injunction to a project not squarely before the Court, either through the pleadings or through submission of a complete administrative record. Such a ruling could, in essence, bar any project falling within the penumbra of the 2004 Framework regardless the particular project's merit or the care with which it was implemented, as demonstrated by the administrative record. The implication of a decision in that regard could amount to a de facto rejection the entire 2004 Framework, which the Court declines to do at this time.

///

4

The Court accordingly DENIES, without prejudice, Plaintiffs' Motion for Preliminary Injunction on procedural grounds. In making that ruling, the Court recognizes that no logging pursuant to the Freeman Project is scheduled to commence until June 18, 2007. That intervening period will permit Plaintiffs to bring the propriety of the Freeman Project properly before the Court, should they choose to do so.

IT IS SO ORDERED.

Dated: June 8, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE