UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIERRA NEVADA FOREST PROTECTION CAMPAIGN,[1] CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, and THE WILDERNESS SOCIETY, non-profit organizations,

    Plaintiffs,

  v.

MARK REY, in his official capacity as Under Secretary of Agriculture, DALE BOSWORTH, in his official capacity as Chief of the United States Forest Service, JACK BLACKWELL, in his official capacity as Regional Forester, Region 5, United States Forest Service, and JAMES M. PEÑA, in his official capacity as Forest Supervisor, Plumas National Forest,

    Defendants.

  and

TUOLUMNE COUNTY ALLIANCE FOR RESOURCES & ENVIRONMENT, et al.; CALIFORNIA SKI INDUSTRY ASS'N; QUINCY LIBRARY GROUP, et al.; and CALIFORNIA CATTLEMEN'S ASS'N,

    Defendants-Intervenors.

No. 2:05-cv-00205-MCE-GGH

ORDER

---

[1] On March 1, 2007, the Lead Plaintiff herein, Sierra Nevada Forest Protection Campaign, changed its name to Sierra Forest Legacy.

1

On August 1, 2008, this Court denied Plaintiffs' Motion for Summary Judgment, except to the limited extent that the Court, in reliance on the Ninth Circuit's decision in Sierra Forest Legacy v. Rey, 526 F.3d 1228, 1231-32 (9th Cir. 2008), found that the Forest Service violated the National Environmental Policy Act ("NEPA") by failing to consider a sufficient range of alternatives in adopting the 2004 Framework.  Summary adjudication in favor of Plaintiffs was granted on that issue, as set forth in the Seventh Cause of Action.  Correspondingly, the Forest Service's Cross-Motion for Summary Judgment was granted in its entirety except as to the Seventh Cause of Action.

Given the Court's directive ordering separate briefing as to the question of remedy following its liability findings as set forth above, those issues were briefed by the parties and a hearing set for December 19, 2008 with regard to Plaintiffs' request that permanent injunctive relief be granted to set aside the 2004 Framework and reinstate its 2001 predecessor.

In the course of the parties' remedies briefing, counsel for Defendant-Intervenors Quincy Library Group and TuCare, et al., have advised the Court that Petitions for Rehearing had been filed as to the Ninth Circuit's panel decision in Sierra Forest Legacy v. Rey, supra, and that the Ninth Circuit had ordered Plaintiff in that case to respond to those petitions by August 22, 2008.  Although the parties indicate that all papers regarding the rehearing petitions were filed by September 17, 2008, no decision on the petitions have been forthcoming. Accordingly, mandate back to this court under Federal Rule of Appellate Procedure 41(b) has not yet issued.

Given the fact that the appellate decision underlying this Court's finding on behalf of Plaintiffs in this matter remains non-final given the pending rehearing petitions, and in view of recent developments which may form the Ninth Circuit's ultimate decision whether to take the matter en banc, including not only the Ninth Circuit's own subsequent decision in Lands Council v. McNair, 537 F.3d 981 (9th Cir. 2008), but also the Supreme Court's even more recent pronouncement in Winter v. Natural Resources Defense Council, 129 S. Ct. 365 (2008), this Court believes it would be premature to fashion a remedy, and enter any final judgment in this matter, until after the rehearing petitions have been adjudicated and mandate has been formally transferred back to the Court.  As counsel for the Intervenor-Defendants point out, any district court proceedings on a remedy while logically antecedent issues remain before an appellate court may ultimately be null and void, and may consequently have to be redone following the issuance of mandate.  See Kusay v. United States, 62 F.3d 192, 193-96 (7th Cir. 1995); United States v. Thorp, 655 F.2d 997, 999 (9th Cir. 1981).  The Court wishes to avoid any potential waste of judicial resources in that regard and therefore declines to act on the question of remedy before the aforementioned decision in Sierra Forest Legacy v. Rey is final and mandate to this Court has been issued.  If the panel opinion in Rey is vacated, the need for a remedies hearing may be entirely obviated should this Court then determine that the 2004 Framework's consideration of project alternatives was otherwise sufficient.

///

1     Plaintiffs are directed to notify the Court once a decision
2  on the rehearing petitions in <u>Rey</u> has been made.  At that point,
3  the instant remedies hearing will be rescheduled as necessary.
4     IT IS SO ORDERED.

Dated: December 18, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4